ORIGINAL

1   Douglas W. Dal Cielo, (SBN 157109)
    E-mail: ddalcielo@bwslaw.com
2   Brian M. Affrunti, (SBN 227072)
    E-mail: baffrunti@bwslaw.com
3   BURKE, WILLIAMS & SORENSEN, LLP
    2440 West El Camino Real, Suite 620
4   Mountain View, CA 94040-1499
    Tel: 650.327.2672 Fax: 650.688.8333
5
    Attorneys for Plaintiff
6   MICHAEL OLBERG

FILED

JAN 22 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                         OAKLAND DIVISION

11

12   MICHAEL OLBERG,                    Case No. C14-0330

13              Plaintiff,              **COMPLAINT FOR DAMAGES
                                        AND INJUNCTIVE RELIEF**
14   v.

15   CITIMORTGAGE, INC. and
     DOES 1 TO 25, INCLUSIVE,
16
                Defendants.
17

18        Plaintiff MICHAEL OLBERG (hereinafter "Plaintiff" or "Olberg") alleges

19   as follows:

20                        **JURISDICTION AND VENUE**

21        1.    Plaintiff is and was at all times mentioned herein an individual and

22   citizen of the State of California.

23        2.    Defendant CITIMORTGAGE, INC. (hereinafter "Defendant" or

24   "CitiMortgage") is a corporation, incorporated under the laws of the State of

25   New York, having its principal place of business in the State of Florida.

26        3.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1331

27   because the action arises under a federal statute, 15 USC § 1681 *et seq.*, the FAIR

28   CREDIT REPORTING ACT ("FCRA").

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

MP #4814-2548-6359 v1                    - 1 -        COMPLAINT FOR DAMAGES AND
                                                         INJUNCTIVE RELIEF

1    4.    This Court has original jurisdiction under 28 U.S.C. § 1332, in that it

2    is a civil action between citizens of different states in which the matter in

3    controversy exceeds, exclusive of costs and interest, seventy-five thousand dollars.

4    5.    This Court has supplemental jurisdiction pursuant to 28 U.S.C.

5    § 1367.

6    6.    Venue is proper in this District because Defendant resides in this

7    State and in this District, and because a substantial part of the events or omissions

8    giving rise to the claims herein occurred within this State and this District.

9    7.    Plaintiff does not know the true names and capacities, whether

10   individual, corporate, associate or otherwise of the other Defendants sued herein

11   as DOES 1 through 25 and, therefore, sues them by those fictitious names.

12   Plaintiff is informed and believes, and on the basis of that information and belief

13   allege, that each fictitiously named Defendant, and each of them, were

14   contractually, negligently, fraudulently or otherwise in some manner legally

15   responsible for each of the acts, omissions, events or occurrences alleged herein

16   and that Plaintiff's damages are the direct and proximate result of said acts,

17   omissions, events or occurrences.    The names, capacities and relationships of

18   DOES 1 through 25 will be alleged by amendment to this Complaint when they

19   become known.

20                        **GENERAL ALLEGATIONS**

21   8.    Plaintiff maintained a CitiMortgage Home Equity Line of Credit

22   (hereinafter "HELOC") with Defendant, Loan Number 922173514-6.    The

23   HELOC was secured by Plaintiff's primary residence.

24   9.    In or about January 2009, Plaintiff received information from

25   Defendant offering various assistance programs to promote home retention.

26   Following receipt of this offer from Defendant, Plaintiff began negotiating a

27   settlement of the HELOC with Defendant.

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

MP #4814-2548-6359 v1          - 2 -          COMPLAINT FOR DAMAGES AND
                                                    INJUNCTIVE RELIEF

10. Following these negotiations, in or around March 2009, Defendant agreed to accept payment of $33,750.00 in full satisfaction of the HELOC.

11. On May 5, 2009, Defendant sent Plaintiff a letter confirming its "authorization and acceptance of a short payoff" on the HELOC in the amount of $33,750.00, and confirmed that upon receipt of said funds, it would release its mortgage on Plaintiff's property.

12. On May 14, 2009, Plaintiff sent Defendant the agreed upon amount of $33,750.00 by wire transfer. Defendant subsequently prepared and recorded a Deed of Reconveyance, thereby releasing its Deed of Trust against Plaintiff's property.

13. In or about August 2012, Plaintiff learned that his credit report(s) reflected several recent monthly late payments on the HELOC. The reported late payments were well after the HELOC was closed and the deed of trust was released in or about May 2009.

14. At that time, Plaintiff retained the services of a credit repair company, Score Well Credit, to assist him in correcting the credit reporting errors by Defendant.

15. On or about August 29, 2012, Score Well Credit filed "Notices of Dispute" with three credit reporting agencies: Experian, Equifax and TransUnion.

16. Score Well Credit filed further "Notices of Disputes" with all three credit reporting agencies on November 27, 2012, and again on February 25, 2013.

17. Despite these efforts, Defendant failed to correct the false and inaccurate reporting of late payments on the HELOC. As recently as October 2013, Plaintiff's credit report(s) reflect late payment on the HELOC for each month from November 2012 through July 2013.

18. On information and belief, Defendant continues to report false and inaccurate information to the credit reporting agencies despite three separate complaints filed with the credit reporting agencies. On information and belief,

1    Plaintiff's current credit report(s) continue to reflect the false and inaccurate late
2    payments on the HELOC, which has been closed since on or about May 2009.

3         19.    In November 2012, Plaintiff sought to secure a traditional mortgage
4    to purchase an investment property in Modesto, California ("Modesto Property").
5    Plaintiff was unable to secure a traditional mortgage for this purchase.  Plaintiff
6    was informed his mortgage application was denied on the sole basis that his credit
7    report(s) reflected repeated monthly late payments on the HELOC.

8         20.    Plaintiff purchased the Modesto Property through private financing.
9    This loan had unfavorable terms including the payment of points and a
10   comparatively high interest rate of ten percent.

11        21.    In January 2013, when personal family health circumstances required
12   Plaintiff's wife to take an unpaid leave of absence from work, Plaintiff attempted
13   to refinance the mortgage on their residence and income properties to lower
14   monthly expenses and take advantage of favorable interest rates available in the
15   marketplace.

16        22.    Again, due to the false and inaccurate reporting from Defendant,
17   Plaintiff was unable to secure refinancing for their residence or income properties.
18   Although Plaintiff had excellent credit, acceptable debt-to-income ratios and
19   sufficient household income, he was advised that the reported late payments raised
20   sufficient risk concerns resulting in the denial of his refinance applications.

21        23.    Due to his inability to refinance and the reduction in household
22   income through his wife's leave of absence, Plaintiff had to leverage his credit
23   cards to cover their ordinary and necessary living expenses.

24        24.    In or about July 2013, Plaintiff again sought a traditional mortgage to
25   acquire an investment property in Antioch, California.  Plaintiff again was unable
26   to secure a traditional mortgage due to the false and inaccurate late payments
27   reported on his credit report(s).  Plaintiff completed the purchase through private

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

MP #4814-2548-6359 v1                      - 4 -                COMPLAINT FOR DAMAGES AND
                                                                        INJUNCTIVE RELIEF

1  financing, again paying points and a comparatively high interest rate of seven and
2  one-half percent.

3      25.    Then, in or about October 2013, Plaintiff learned about an
4  opportunity to purchase a new primary residence for his family.  Plaintiff entered
5  into contract with the seller to purchase the property for $1,657,500.  Plaintiff had
6  received a financing "pre-approval" of $1,800,000, reflecting his excellent credit,
7  acceptable income to debt ratio, and income level.  Plaintiff knew this property
8  was far below market value and highly desired to complete the purchase and move
9  his family into the home.

10      26.    Despite substantial effort, Plaintiff was again unable to secure the
11  needed financing to complete this purchase, again due to the inaccurate and false
12  reports from Defendant.  Plaintiff worked diligently with several mortgage
13  companies, including Defendant, to obtain the necessary financing.  Each lender
14  could not obtain underwriting approval to issue the mortgage due to the recent late
15  payment reports on the HELOC.

16      27.    As a result, Plaintiff was not able to purchase this highly desired
17  property.  The home immediately next door, which is a smaller house and lot,
18  recently sold for $1,800,000.

19                                **FIRST CAUSE OF ACTION**
20            **(For Violation of the Fair Credit Reporting Act)**
21                     **(Against All Defendants)**

22      28.    Plaintiff hereby re-alleges and incorporates by reference paragraphs 1
23  through 27, inclusive, as though fully set forth herein.

24      29.    The FCRA prohibits furnishers from reporting "inaccurate" credit
25  information about consumers.  Defendant is a furnisher of credit information.

26      30.    Upon receipt of a Notice of Dispute from the credit reporting
27  agency(ies), Defendant was required to conduct a reasonable investigation to
28  determine if any information it reported was inaccurate.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

MP #4814-2548-6359 v1        - 5 -        COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

31.     Once Defendant completed its investigation and determined that the information reported was inaccurate, Defendant owed a duty to "modify,…delete…or… permanently block" the reporting of any item of information found to be inaccurate, incomplete, or which cannot be verified as accurate following the investigation.

32.     Defendant either failed to conduct a reasonable investigation or failed to correct the false and inaccurate information it has reported related to Plaintiff's HELOC.

33.     As a direct and proximate result of the actions or inaction of Defendant, Plaintiff has been damaged in an amount not yet ascertained, the actual amount to be proven at the time of trial.

34.     Plaintiff has no plain, speedy or adequate remedy at law, and is entitled to injunctive relief as authorized by law.

## SECOND CAUSE OF ACTION

### (For Violation of the California Consumers Credit Reporting Agencies Act)

### ("CCRAA")

### (Against All Defendants)

35.     Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 34, inclusive, as though fully set forth herein.

36.     The CCRAA prohibits furnishers from reporting "inaccurate" credit information about consumers. Defendant is a furnisher of credit information.

37.     Defendant owed a duty to investigate the information reported to credit reporting agency(ies) regarding Plaintiff's HELOC loan.

38.     Defendant breached its duty by failing to correct the false and inaccurate information after it knew or should have known that the information it reported was not accurate.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

MP #4814-2548-6359 v1

- 6 -

COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

39.     As a direct and proximate result of the actions or inaction of Defendant, Plaintiff has been damaged in an amount not yet ascertained, the actual amount to be proven at the time of trial.

40.     Plaintiff has no plain, speedy or adequate remedy at law, and is entitled to injunctive relief as authorized by law.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.     For a preliminary and permanent mandatory injunction requiring Defendant to correct all false and inaccurate information reported to the credit reporting agency(ies) concerning Plaintiff's HELOC;

2.     For a preliminary and permanent injunction prohibiting Defendant from making any further reports to the credit reporting agency(ies) concerning Plaintiff's HELOC;

3.     For economic and non-economic damages according to proof;

4.     For statutory attorneys' fees and costs of suit herein incurred; and

5.     For such other and further relief as the Court may deem proper.

Dated:   January 22, 2014                    BURKE, WILLIAMS & SORENSEN, LLP

By: _____
Douglas W. Dal Cielo
Attorneys for Plaintiff
MICHAEL OLBERG

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

MP #4814-2548-6359 v1                    - 7 -                    COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF

1

## DEMAND FOR JURY TRIAL

2        Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal

3   Rules of Civil Procedure.

4

5   Dated:   January 22, 2014                    BURKE, WILLIAMS & SORENSEN, LLP

6

7                                          By: _____

8                                              Douglas W. Dal Cielo
                                               Attorneys for Plaintiff
9                                              MICHAEL OLBERG

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MP #4814-2548-6359 v1                    - 8 -                    COMPLAINT FOR DAMAGES AND
                                                                        INJUNCTIVE RELIEF